# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CALLIE WALTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:22-cv-00064-MHH |
| | ) |
| **ONIN STAFFING, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT ONIN STAFFING, LLC'S ANSWER

Defendant Onin Staffing, LLC ("Onin") hereby answers Plaintiff Callie Walter's ("Plaintiff") Complaint as follows, and asserts the following affirmative defenses. Except as specifically admitted herein, Onin denies all material allegations of Plaintiff's Complaint.[1]

**1.    Parties**

**Allegation**: Plaintiff, Callie Walter, 208 Cambridge Park Dr., Montevallo, Shelby, AL 35115, (205) 809-2727, (205) 765-1383, (205) 517-9182

**Response: Upon information and belief, Onin admits the information in this paragraph contains Plaintiff's contact information.**

**Allegation**: Onin Staffing c/o Warren B. Lightfoot, Attorney, 1901 6th Ave North Ste. 1700, Birmingham (Jefferson), AL 35203

---

[1] Plaintiff is *pro se* in this matter and the allegations of her Complaint are primarily handwritten. For ease of reference, Onin has typed the allegations herein followed by Onin's response.

**Response:** Onin admits that its entity name is "Onin Staffing, LLC." Onin further admits this paragraph contains the name and address of its legal counsel representing Onin in this matter.

2. **Basis for Jurisdiction**

**Allegation**: Plaintiff indicates the basis for jurisdiction in this matter is diversity of citizenship. She further lists all parties as citizens of the State of Alabama. Finally, she indicates the amount in controversy is $250,000.00.

**Response:** Onin denies that the Court has diversity-of-citizenship jurisdiction over this case and denies that the amount in controversy is $250,000.00. However, Onin admits that the Court has subject-matter jurisdiction over this civil action as Plaintiff seemingly purports to bring claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). To the extent Plaintiff also purports to bring any state-law tort claims in this case, Onin states that the Court may have supplemental jurisdiction over such claims, though it is without sufficient information or knowledge to form a response to any such allegation. Finally, Onin admits that it is a citizen of the State of Alabama as all of its members are individuals who are citizens of the State of Alabama.

3.  **Statement of Claim**

Allegations: "Please see attachments, Notice of Rights to Sue issued by EEOC Commission. Also have audio recordings to support claim. Surveillance of incident should be on Defendant's surveillance in facility (partially). Also photos available for this honorable court."

**Response: Onin is without sufficient information or knowledge to respond to the allegations in this paragraph and therefore denies the same. Onin further denies all material allegations against it in the Complaint and in Plaintiff's attached EEOC Charge of Discrimination.**

4.  **Relief**

Allegations: The previous listed amount in Section C3 suffice my request for resolution. I need immediate relief due to prior employees contacted me as recent as 1/14/2022 unbeknownst reasons. Corporate staff member, Errin "LKU" reached out via phone + SMS text. Due to the breach of confidentiality, hostile work environment, and sexual assault on the job. My request is $250,000.00.

**Response: Onin denies that Plaintiff is entitled to any of the relief she requests or otherwise entitled to any relief whatsoever in this civil action.**

## ADDITIONAL AND AFFIRMATIVE DEFENSES

To the extent not expressly admitted in this Answer, Onin denies the allegations of Plaintiff's Complaint and demands strict proof thereof. Onin further responds to Plaintiff's Complaint with the following additional affirmative defenses:

1. Except as specifically admitted herein above, Onin denies the material allegations of Plaintiff's Complaint and demands strict proof thereof.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. There is no genuine issue of material fact, and Onin is entitled to a judgment in its favor as a matter of law.

4. Onin denies that it discriminated or retaliated against or harassed Plaintiff in any way or interfered with her statutory rights.

5. Onin is not guilty of any intentional or culpable action and is not liable to Plaintiff under any theory of law.

6. To the extent that the scope of Plaintiff's Complaint exceeds the scope of her underlying Charge of Discrimination, such claims are barred.

7. To the extent that any alleged unlawful acts occurred more than 180 days prior to Plaintiff's filing of a Charge with the EEOC, a civil action based on said acts is barred.

8. Onin took no adverse employment action against Plaintiff.

9. There is no causal connection between any alleged adverse action taken by Onin against Plaintiff and any alleged protected activity.

10. Plaintiff has failed to allege conduct that is sufficiently "severe or pervasive" to state a claim under Title VII.

11. Plaintiff's working conditions at Onin were never hostile, abusive, or otherwise intolerable.

12. Any and all decisions relative to Plaintiff about which Plaintiff is complaining were made for legitimate, nondiscriminatory, non-retaliatory reasons and in good faith and without regard to her race or any other status protected by law.

13. Onin denies that any impermissible factor played a role in any decision or acts challenged by Plaintiff. In the alternative, even if an alleged impermissible factor is found to have been a motivating factor in any of the challenged employment decisions (which Onin expressly denies), Onin affirmatively avers that the same decisions would have been made even absent consideration of the alleged impermissible factor.

14. Onin exercised reasonable care to prevent and correct promptly any unlawfully harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided to her or to avoid harm otherwise.

15. Plaintiff is precluded from any recovery because she has not suffered any damages or any legally recognizable injury and the damages she seeks are speculative and not recoverable as a matter of law.

16. Without conceding that Onin has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Onin avers that, through use of diligent efforts, Plaintiff could have mitigated her alleged loss of earnings and other damages, if any, and upon information and belief, failed to do so.

17. Any alleged misconduct by any supervisor or other employee of Onin that affected Plaintiff was done: without the authority, knowledge, approval or ratification of Onin; in conflict with and in violation of Onin's policies; solely for personal purposes not related to employment with Onin; and outside the course and scope of employment.

18. Plaintiff's claims and/or damages may be limited by the after-acquired evidence doctrine.

19. Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel to the extent Plaintiff has taken any inconsistent position in any other judicial or quasi-judicial proceeding.

20. Plaintiff should not recover on any claim for punitive damages because Onin did not unlawfully discriminate against Plaintiff, willfully or

otherwise, and because Onin has engaged in good-faith efforts to comply with state and federal laws and has never acted with malice or with reckless indifference to Plaintiff's personal or civil rights.

21. In order to avoid waiver, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, ratification, unclean hands, res judicata, acquiescence, consent, agreement, release, and/or waiver.

22. At the time of filing this answer, Onin has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this answer at a later date, up to and including time of trial.

Respectfully submitted,

*/s/ Brock Phillips*
Warren B. Lightfoot, Jr.
W. Brock Phillips
MAYNARD COOPER & GALE, P.C.
1901 Sixth Ave. North
Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
F: (205) 254-1999
wlightfoot@maynardcooper.com
bphillips@maynardcooper.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on March 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served a copy of the same via U.S. Mail to the following:

Callie Walter
208 Cambridge Park Dr.
Montevallo, AL 35115

*/s/ Brock Phillips*
OF COUNSEL
